# EXHIBIT A

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ALLAN GATTO,

    *Plaintiff,*

    v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

GD-20-012340

**PRAECIPE FOR WRIT
OF SUMMONS**

Filed on Behalf of Plaintiff:
Allan Gatto

Counsel of Record for this Party:
THE LAW FIRM OF FENTERS WARD

Joshua P. Ward
Pa. I.D. No. 320347

The Law Firm of Fenters Ward
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

| | |
|---|---|
| Telephone: | (412) 545-3015 |
| Fax No.: | (412) 540-3399 |
| E-mail: | jward@fentersward.com |

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

ALLAN GATTO,                                     CIVIL DIVISION

    *Plaintiff,*                          **ELECTRONICALLY FILED**

    v.                                      GD-20-012340

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    *Defendant.*

### PRAECIPE FOR WRIT OF SUMMONS

TO    PROTHONOTARY OF THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA:

Kindly issue a writ of summons in the above-captioned matter.

Respectfully submitted,

THE LAW FIRM OF FENTERS WARD

Date: December 7, 2020    By: _____

    Joshua P. Ward (Pa. I.D. No. 320347)
    Kyle H. Steenland (Pa. I.D. No. 327786)

    The Law Firm of Fenters Ward
    The Rubicon Building
    201 South Highland Avenue
    Suite 201
    Pittsburgh, PA 15206

    Counsel for Plaintiff

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ALLAN GATTO,

     *Plaintiff*,

     vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

     *Defendant*.

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-20-012340

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:
Allan Gatto

Counsel of Record for this Party:

**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. WARD & ASSOCIATES, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

| | |
|---|---|
| Telephone.: | (412) 545-3015 |
| Fax No.: | (412) 540-3399 |
| E-mail: | jward@jpward.com |

## NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on _____, 2021, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

ALLAN GATTO,                                      CIVIL DIVISION

      *Plaintiff*,                             **ELECTRONICALLY FILED**

      vs.                                    Case No. GD-20-012340

PORTFOLIO RECOVERY ASSOCIATES, LLC,

      *Defendant*.

## COMPLAINT

AND NOW, comes Plaintiff, Allan Gatto, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Portfolio Recovery Associates, LLC, of which the following is a statement:

## PARTIES

1.      Plaintiff, Allan Gatto (hereinafter "Allan Gatto"), is an adult individual who currently resides at 199 Main Avenue, New Brighton, Pennsylvania 15066.

2.      Defendant, Portfolio Recovery Associates, LLC, LLC, (hereinafter "Portfolio Recovery Associates"), is a corporation with its principal place of business located at 120 Corporate Blvd, Norfolk, Virginia 23502.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692, *et seq.* (hereinafter, the "FDCPA").

4.      Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5.      On November 18, 2019, the Board of Arbitrators granted an award in favor of Allan Gatto and against Portfolio Recovery Associates in the Beaver County Court of Common Pleas at Docket Number: 10590 of 2018. A true and correct copy of the Award is attached hereto, made a part hereof, and marked as Exhibit "A".

6.      Following the Arbitrators decision, Portfolio Recovery Associates had the right to appeal within thirty days of such award.

7.      Portfolio Recovery Associates never took action to file an appeal of the Arbitrators' award therefore making the Board of Arbitrators' decision a final judgment.

8.      On December 23, 2019, Portfolio Recovery Associates filed a praecipe to discontinue without prejudice the above captioned case in the Beaver County Court of Common Pleas. A true and correct copy of the Praecipe to Discontinue is attached hereto, made a part hereof, and marked as Exhibit "B".

9.      Portfolio Recovery Associates failure to appeal the Arbitrators award and instead file a praecipe to discontinue without prejudice constituted an action that cannot legally be taken and therefore Portfolio Recovery Associates violated 15 U.S.C. § 1692e(5) of the FDCPA.

10.      Furthermore, the filing of the praecipe to discontinue without prejudice after the Arbitrators' award without filing an appeal constituted the use of false and deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

### COUNT I
### VIOLATION OF THE FDCPA, 15 U.S.C.A. § 1692, et seq.

11.      Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

12.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C.A. 1692(a).

13.     The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e).

14.     Allan Gatto is a "consumer" as defined by § 1692a(3) of the FDCPA.

15.     Portfolio Recovery Associates is a "debt collector" as defined by § 1692a(6) of the FDCPA.

16.     Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes. "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C.A. § 1692a(5).

17.     The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

18.     Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ...

4

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C.A. § 1692e

19.     On November 18, 2019, the Board of Arbitrators granted an award in favor of Allan Gatto and against Portfolio Recovery Associates in the Beaver County Court of Common Pleas at Docket Number: 10590 of 2018.  See Exhibit "A".

20.     Following the Arbitrators decision, Portfolio Recovery Associates failed to appeal said judgment rendering it a final judgment.

21.     On December 23, 2019, Portfolio Recovery Associates filed a praecipe to discontinue without prejudice the above captioned case in the Beaver County Court of Common Pleas.

22.     Portfolio Recovery Associates' failure to appeal the Arbitrators award and instead file a praecipe to discontinue without prejudice constituted an action that cannot legally be taken and therefore Portfolio Recovery Associates violated 15 U.S.C. § 1692e(5) of the FDCPA.

23.     Furthermore, the filing of the praecipe to discontinue without prejudice after the Arbitrators' award without filing an appeal constituted the use of false and deceptive means in an attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

24.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

25. Here, the only natural consequence of Portfolio Recovery Associates' acts of attempting to take an action that cannot legally be taken was to harass, oppress, and abuse Allan Gatto.

26. As such, Portfolio Recovery Associates' conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

27. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a).

28. As a direct and proximate result of Portfolio Recovery Associates' violations of the FDCPA, as set forth above, Allan Gatto has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Allan Gatto, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Portfolio Recovery Associates, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, statutory damages pursuant to 15 U.S.C.A. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C.A. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: August 13, 2021                    By: _____
                                         Joshua P. Ward (Pa. I.D. No. 320347)
                                         Kyle H. Steenland (Pa. I.D. No. 327786)

                                         J.P. Ward & Associates, LLC
                                         The Rubicon Building
                                         201 South Highland Avenue
                                         Suite 201
                                         Pittsburgh, PA 15206

                                         Counsel for Plaintiff

EXHIBIT A

1712.1

IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY,
PENNSYLVANIA

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                PLAINTIFF,

     vs.

                                   No.  10590 Term, 2018

ALLAN GATTO,

                DEFENDANT.

## QUALIFICATION OF ARBITRATORS

NOW, the _1st_ day of _November_, 20 _19_, we, the undersigned, having been named Arbitrators in the above cause, do hereby swear that we will hear the evidence and allegations of the parties, justly and equitably try all matters in variance submitted to us, determining the matters in controversy, make an award, and transmit the same to the Prothonotary within twenty (20) days of the date of hearing the same.

Sworn to and subscribed
before me this _11th_ day of
_November_, 20 _19_

_Nancy Werme_
Prothonotary

## AWARD OF ARBITRATORS

AND NOW, the _1st_ day of _November_, 20 _19_, we, the undersigned arbitrators chosen in this case, after having been duly sworn, and having heard the evidence and allegations of the parties, do award and find for the _Defendant_

in the sum of _____

                                       Chairman

***Each Party has the right to appeal the decision, within thirty days from the date of the award.  The Arbitrator's fee to be paid for appeal is $638.50, and can be filed in the Prothonotary's Office.

# EXHIBIT B

Carrie Gerding, Esq.
Robert N. Polas Jr, Esq.
Gregory J. Babcock, Esq.
Christopher Titus, Esq.
Attorney ID # 94055/201259/205061/315746
Portfolio Recovery Associates, LLC
120 Corporate Blvd
Norfolk, VA 23502
Attorneys for Plaintiff

## IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PA
### CIVIL ACTION - LAW

PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BLVD
NORFOLK, VA 23502
                    Plaintiff          No. 2018-10590

            v.

ALLAN GATTO
199 MAIN AVE
NEW BRIGHTON PA 15066
                    Defendant

### PRAECIPE TO DISCONTINUE

To the Prothonotary:

Please mark the above-entitled case as discontinued without prejudice.

Respectfully Submitted,

Robert N. Polas, Jr., Esq. PA Bar # 201259
Carrie Gerding, Esq. PA Bar # 94055
Gregory J. Babcock, Esq. PA Bar # 205061
Christopher Titus, Esq. PA Bar # 315746
**Portfolio Recovery Associates, LLC**
120 Corporate Blvd
Norfolk, VA 23502
TELE: 866/428-8102
FAX: (757) 518-0860
Attorneys for Plaintiff

23067792



This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

RECEIVED
FEB 2 6 2020

SCANNED
2 6 FEB 2020
BY..............

NANCY WERME
PROTHONOTARY
BEAVER COUNTY, PA
2019 DEC 23 PM 12: 31

SCANNED
6 FEB 2020
BY..............

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:   __Plaintiff__

Signature: _____

Name:
- Carrie Gerding, Esq. # 94055
- Robert N. Polas, Jr., Esq. #201259
- Gregory J. Babcock, Esq. #205061
- Christopher Titus, Esq. #315746

2019 DEC 23 PM 12: 31
NANCY WERME
PROTHONOTARY
BEAVER COUNTY, PA

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

Carrie Gerding, Esq.
Robert N. Polas Jr, Esq.
Gregory J. Babcock, Esq.
Christopher Titus, Esq.
Attorney ID # 94055/201259/205061/315746
Portfolio Recovery Associates, LLC
120 Corporate Blvd
Norfolk, VA 23502
Attorneys for Plaintiff

**IN THE COURT OF COMMON PLEAS OF BEAVER COUNTY, PA**
CIVIL ACTION - LAW

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC<br>120 CORPORATE BLVD<br>NORFOLK, VA 23502 | : |
| Plaintiff | : No. 2018-10590 |
| v. | : |
| ALLAN GATTO<br>199 MAIN AVE<br>NEW BRIGHTON PA 15066 | : |
| Defendant | : |

CERTIFICATE OF SERVICE

The undersigned does hereby certify that I served a copy of the foregoing Praecipe to Discontinue

upon BRIAN J. FENTERS, ESQ., by First Class Mail, Postage Pre-Paid, a copy thereof on this _____

day of _____, 2019, to:

BRIAN J. FENTERS, ESQ., 6101 PENN AVE., STE. 201, PITTSBURGH, PA 15206

_____
Robert N. Polas, Jr., Esq. PA Bar # 201259
Carrie Gerding, Esq. PA Bar # 94055
Gregory J. Babcock, Esq. PA Bar # 205061
Christopher Titus, Esq. PA Bar # 315746
**Portfolio Recovery Associates, LLC**
120 Corporate Blvd
Norfolk, VA 23502
TELE: 866/428-8102
FAX: (757) 518-0860
Attorneys for Plaintiff

23067792

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

SCANNED
2 6 FEB 2020

## VERIFICATION

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: August 13, 2021                    By: _____
                                         Joshua P. Ward (Pa. I.D. No. 320347)
                                         Kyle H. Steenland (Pa. I.D. No. 327786)

                                         J.P. WARD & ASSOCIATES, LLC
                                         The Rubicon Building
                                         201 South Highland Avenue
                                         Suite 201
                                         Pittsburgh, PA 15206

                                         Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this August 13, 2021, a true and correct copy of the foregoing

Complaint in Civil Action was served via first class mail, upon the following:

Portfolio Recovery Associates, LLC
120 Corporate Blvd
Norfolk, VA 23502

Respectfully Submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: August 13 , 2021                              By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206